Argued and submitted November 9, 1992, reversed and remanded in part; otherwise affirmed February 10, respondent's motion for reconsideration filed March 12 allowed by opinion May 19, 1993
See 120 Or App 431 (1993)

HUMBERT EXCAVATING, INC.,
an Oregon corporation;
City of Pendleton, a municipal corporation,
for the use and benefit of
Humbert Excavating, Inc.;
and Pioneer Asphalt, Inc.,
dba Pioneer Construction, Inc.,
an Oregon corporation,
for the use and benefit of
Humbert Excavating, Inc., an Oregon corporation,
*Appellants,*

*v.*

CITY OF PENDLETON,
a municipal corporation;
Pioneer Asphalt, Inc.,
dba Pioneer Construction, Inc.,
an Oregon corporation; and
Fireman's Fund Insurance Company,
a California corporation,
*Respondents,*

PIONEER ASPHALT, INC.,
an Oregon corporation;
and Fireman's Fund Insurance Company,
a California corporation,
*Cross-claim Plaintiffs,*

*v.*

CITY OF PENDLETON,
a municipal corporation,
*Cross-claim Defendant,*

PIONEER ASPHALT, INC.,
an Oregon corporation,
*Third Party Plaintiff-Respondent,*

*v.*

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND,
a Maryland corporation,
*Third Party Defendant-Appellant.*
(CV90-1199; CA A72905)
846 P2d 441

Adam Kimmell, Portland, argued the cause for appellant Humbert Excavating, Inc., and third party defendant-appellant. On the briefs were Robert J. Ericsson and Ericsson, Kimmell & Lewis, Portland.

Thomas A. Bittner, Portland, argued the cause for respondent City of Pendleton. With him on the brief were Rudy M. Murgo, Pendleton, and James C. Carter and Schulte, Anderson, DeFrancq, Downes & Carter, Portland.

Douglas E. Hojem, Pendleton, argued the cause for respondents Pioneer Asphalt, Inc., and Fireman's Fund Insurance Company. With him on the brief was Corey, Byler, Rew, Lorenzen & Hojem, Pendleton.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff Humbert Excavating, Inc.[1] appeals summary judgments granted in favor of defendants.[2] ORCP 47C. We reverse in part.

According to the summary judgment record, defendant City of Pendleton (City) entered into a contract with defendant Pioneer for the construction of airport taxiways (the principal contract). Pioneer entered into a subcontract with plaintiff to prepare the soil for the paving of the taxiways. Periodically during the performance of the subcontract, City tested the soil to determine the adequacy of plaintiff's work. Purportedly, the tests revealed that the soil was not sufficiently compacted. City ordered plaintiff to rework the soil on the basis of the test results, and plaintiff complied.

■    Plaintiff alleges that it was damaged because City's testing was faulty, plaintiff's work was erroneously determined to be inadequate and, as a result, it was required to perform unnecessary additional work. City contends that, because the principal contract prohibits assignments by Pioneer and, alternatively, because proper notice under the contract with Pioneer was not given, plaintiff's action against it is barred. We view the evidence in the light most favorable to plaintiff to determine whether there are genuine issues of material fact and whether City is entitled to judgment as a matter of law. *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978).

■    · Pioneer assigned to plaintiff any claims for damages arising out of the performance of the soil compaction obligation of the principal contract. The principal contract provides:

---

[1] Humbert filed its complaint in its own name and in the names of the City of Pendleton and Pioneer Asphalt, Inc. (Pioneer). Pioneer filed a third-party complaint against Humbert's bonding company, Fidelity and Deposit Company of Maryland, and it is a party to this appeal. However, it did not file a brief. We will refer to Humbert as "plaintiff."

[2] Plaintiff named City of Pendleton, Pioneer, and Fireman's Fund Insurance Company as defendants. Pioneer and its surety, Fireman's Fund, jointly responded to this appeal and will be referred to as "defendant Pioneer."

Pioneer voluntarily dismissed its cross-claim against defendant City when its summary judgment motion was granted.

> "Neither party to the Contract shall assign [the] contract or sublet it *as a whole* without the written consent of the other. * * * Such attempted assignment may, at the City's option, terminate this Contract as a material breach on [Pioneer's] part." (Emphasis supplied.)

City argues that this provision prohibits Pioneer's assignment to plaintiff. We disagree. City contracted with Pioneer for the construction of taxiways. The job entailed earthwork, electrical work and paving. Pioneer contracted out the earthwork to plaintiff and the electrical work to another contractor, but retained the surveying and supervisory work. The record shows that the parties contemplated that Pioneer could subcontract parts of its obligations to other contractors. The only prohibition in the contract regarding assignment was the prohibition against assignment of the "whole" contract. Pioneer's assignment to plaintiff of its obligation to prepare the soil for the taxiways was permissible under the terms of the principal contract. As an assignee under the principal contract, plaintiff may step into Pioneer's shoes and sue City for damages caused by City's alleged breach. *See State ex rel AFSD v. Lester,* 45 Or App 389, 608 P2d 588 (1980).

■    Alternatively, City asserts that plaintiff's failure to give timely notice under the principal contract bars its claim. A provision, entitled "Extra Work," provides:

> "Any authorized work necessary or required to carry out the intent of these Contract Documents by changes clearly not indicated in the Contract Documents shall be paid for at the unit price agreed to in the Contract Documents. If this work cannot be classified under any of the items for which unit prices are listed * * * it shall be paid for as extra work at the rate agreed to in writing between the Contractor and the City prior to the time of commencing such extra work.

> "A breakdown of the Contractor's cost involved in any approved extra work shall be submitted to the PWD [Public Works Director] within forty-five (45) days after said extra work has been performed.

> "* * * * *

> "No payment will be made for extra work billed and submitted to the PWD after the 45-day period."

The parties dispute whether the provision applies to the work performed by plaintiff. Plaintiff offered evidence that its work did not constitute "extra work"[3] under the terms of the principal contract. City argues that plaintiff's use of the words "extra work" in its pleadings and supporting affidavits is a judicial admission that plaintiff performed "extra work."

■       The issue is what the parties intended by the phrase "extra work." The intention of the parties is first ascertained by examining the language used in the contract. *Ryan v. Western Pac. Ins. Co.*, 242 Or 84, 408 P2d 84 (1965). The evidence about what "extra work" means is superfluous if the contract adequately defines "extra work." The contract says that "extra work" is work that "cannot be classified under any of the items for which unit prices are listed." The soil compaction is part of the work to prepare the taxiways for which the unit price is listed in the contract.[4] We hold that the "extra work" provision in the principal contract is inapplicable to plaintiff's claim. Plaintiff's claim is for damages resulting from City's requirement that it redo the compacting. The trial court erred when it granted summary judgment to City.

Before the trial court, City argued in the alternative, that it was entitled to partial summary judgment because the principal contract did not provide a basis for a claim of consequential damages. Plaintiff asks us to decide whether there is an issue of fact about that question. The trial court ruled in favor of City on its motion directed against plaintiff's entire claim and did not reach the partial summary judgment motion. Because the court did not rule on the motion, we do not address it.

---

[3] In support of its opposition to defendants' summary judgment motions, plaintiff offered an affidavit of Lew Beck, who said that the "repetitive compaction work done by Humbert does not fall within [the] language" of the extra work provision. Also in the record is an affidavit of Joseph Humbert, who said that "[a]dditional compaction was therefore required by the City and was completely repetitive and unnecessary work rather than extra work as I understood the term of the contract."

[4] The basis for payment of soil compaction is set forth in section 3:08-A of the principal contract:

"h. *Embankment* shall be measured as the number of yards placed as per the plans and specifications as directed and measured by the Engineer. Payment shall include all hauling, placing, moisture content adjustment, *compacting* and grading, and for all labor, equipment and tools necessary for a complete and approved job." (Emphasis supplied.)

■       Next, we evaluate plaintiff's claims against Pioneer. Plaintiff alleges that Pioneer breached a contractual obligation regarding soil testing. It is uncontroverted that Pioneer had no contractual obligation to perform soil testing. There is no evidence that Pioneer was responsible for the action of City's employees. *See McGrath v. Electrical Construction Co.*, 230 Or 295, 364 P2d 604 (1962). Moreover, Article II of the contract between plaintiff and Pioneer provides:

> "It is mutually agreed and understood that [Pioneer] is not an insurer or guarantor of the said work or of any part thereof, or of the performance by [City] of the principal contract."

There was no breach.

        We next examine plaintiff's allegation that Pioneer failed to pay sums when due. Article XIV of the subcontract provides:

> "[Pioneer] will pay for *extra work* performed * * * by [plaintiff], under written authorization by the [City's] engineer * * *. Any claim [of plaintiff] for extra work and/or materials not so authorized, or for damages of any nature whatsoever, shall be deemed waived by [plaintiff] unless written notice thereof is given [Pioneer] within five (5) days after the date of its origin." (Emphasis supplied.)

Because plaintiff did not perform "extra work," Article XIV is inapplicable. Plaintiff's remaining two allegations involve claims for damages for failure to issue a stop order when necessary and for directing plaintiff to use unnecessary equipment. Plaintiff offered no evidence to support those allegations. The trial judge did not err when it granted summary judgment to Pioneer.

■       Finally, plaintiff assigns as error the failure of the trial court to allow it to amend its complaint. The motion would have permitted plaintiff to allege purported new theories in response to pleadings that had been pending for 10 months before the motion was made. Furthermore, the motion was made after the court had decided to grant summary judgment to defendants. Under these circumstances, the trial court did not abuse its discretion in denying the motion to amend. ORCP 23A.

        Reversed and remanded as to City of Pendleton; otherwise affirmed.