On respondent City of Pendleton's motion for reconsideration filed March 12, reconsideration allowed; opinion (118 Or App 137, 846 P2d 441) modified and adhered to as modified May 19, 1993

HUMBERT EXCAVATING, INC.,
an Oregon corporation;
City of Pendleton, a municipal corporation,
for the use and benefit of
Humbert Excavating, Inc.;
and Pioneer Asphalt, Inc.,
dba Pioneer Construction, Inc.,
an Oregon corporation,
for the use and benefit of
Humbert Excavating, Inc.,
an Oregon corporation,
*Appellants*,

*v.*

CITY OF PENDLETON,
a municipal corporation;
Pioneer Asphalt, Inc.,
dba Pioneer Construction, Inc.,
an Oregon corporation;
and Fireman's Fund Insurance Company,
a California corporation,
*Respondents*,

PIONEER ASPHALT, INC.,
an Oregon corporation,
and Fireman's Fund Insurance Company,
a California corporation,
*Cross-claim Plaintiffs*,

*v.*

CITY OF PENDLETON,
a municipal corporation,
*Cross-claim Defendant*,

PIONEER ASPHALT, INC.,
an Oregon corporation,
*Third Party Plaintiff-Respondent*,

*v.*

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND,
a Maryland corporation,
*Third Party Defendant-Appellant.*

(CV90-1199; CA A72905)

852 P2d 932

Thomas A. Bittner and Schulte, Anderson, DeFrancq, Downes & Carter, Portland, for motion.

Adam Kimmell and Ericsson, Kimmell & Lewis, Portland, *contra.*

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Defendant City of Pendleton (City) moves for reconsideration of our opinion reversing the summary judgment in its favor and remanding plaintiff's claim. 118 Or App 137, 846 P2d 441 (1993). We allow reconsideration and modify our opinion, but adhere to it.

In our earlier opinion, to determine what the parties intended by the phrase "extra work," we looked at the contract language that "extra work" was work that "cannot be classified under any of the items for which unit prices are listed." 118 Or App at 142. As City contends, we should have quoted the provision that says that "extra work" is "work necessary or required to carry out the intent of [the] Contract Documents by changes clearly not indicated in the Contract Documents." The soil compaction that plaintiff had contracted to do is included in the scope of the work specified by the contract. Therefore, we adhere to our holding that the "extra work" notice provisions do not apply to plaintiff's claim.

Reconsideration allowed; opinion modified and adhered to as modified.