Argued and submitted March 8, decision of Court of Appeals reversed in part and
affirmed in part; case remanded to Court of Appeals for further proceedings
August 5, 1999

## J. William BENNETT,
*Respondent on Review,*

*v.*

## Gerald Roland BAUGH
## and Virginia Mae Baugh,
*Petitioners on Review.*

## (CC 9412-08281; CA A91803; SC S45507)

985 P2d 1282

Charles A. Ringo, Beaverton, argued the cause for petitioners on review. With him on the briefs was Doris J. Brook, Portland.

Jonathan M. Radmacher, of McEwen, Gisvold, Rankin, Carter & Streinz, LLP, Portland, argued the cause for respondent on review. With him on the briefs was Leo B. Frank, Portland.

LEESON, J.

**LEESON, J.**

The issue in this contract action is whether the trial court erred in awarding attorney fees to defendants under the parties' contract and ORS 20.096(1) after the trial court entered judgment in defendants' favor.[1] The Court of Appeals reversed the award of attorney fees. *Bennett v. Baugh*, 154 Or App 397, 961 P2d 883 (1998). We reverse in part, affirm in part, and remand the case to that court for further proceedings.

Defendants, owners of Gerald Baugh Construction Corporation, retained plaintiff, an attorney, to represent the corporation in a series of disputes arising out of construction contracts for two state highway projects. Defendants gave plaintiff a $1,000 retainer fee. When plaintiff had depleted the retainer, he and defendants orally agreed that plaintiff would continue to represent the corporation.

Several months later, defendants gave plaintiff a promissory note for $16,124.16 to secure payment of his legal fees. The note obligated defendants personally for the debt by making them jointly liable with the corporation. The note contained the following attorney fees provision:

> "In event of suit or action to enforce payment of this note, promisor shall be liable for attorney fees and costs incurred in commencement and prosecution of such action or suit."

The construction disputes went to trial. During trial, defendants gave plaintiff a second promissory note in the amount of $35,000 for unpaid legal services. The second note contained a similar attorney fees provision.

Plaintiff subsequently demanded payment on the notes, but defendants refused to pay. Plaintiff brought this action on the notes for breach of contract and for collection of attorney fees on an open account.[2] Plaintiff thereafter abandoned his claim on the second promissory note. At trial,

---

[1] Defendants filed a cross-appeal. They do not seek review of the Court of Appeals' disposition of their cross-appeal. We therefore affirm the decision of the Court of Appeals as to the cross-appeal.

[2] Defendants filed counterclaims for breach of fiduciary duty, negligence, and violation of ORS 646.639, the Unlawful Debt Collection Act. Before trial, defen-

defendants conceded that they had not paid plaintiff and that their failure to do so had breached the parties' contract. Defendants raised three affirmative defenses to justify their failure to pay: estoppel, undue influence, and rescission. The jury returned a general verdict in favor of defendants, and the trial court entered judgment in favor of defendants on plaintiff's breach of contract claim. The trial court then awarded attorney fees to defendants.

Plaintiff appealed. The Court of Appeals reversed the award of attorney fees, reasoning that, although defendants were the prevailing party, they "lost their right to attorney fees under the contract by succeeding on their recission defense." *Bennett*, 154 Or App at 402. The Court of Appeals based its decision on *Pickinpaugh v. Morton*, 268 Or 9, 519 P2d 91 (1974). The Court of Appeals did not address plaintiff's other assignment of error.

On review, defendants argue that they are entitled to an award of attorney fees under ORS 20.096(1), because they were the prevailing party, even though they defended against plaintiff's claim, in part, on a rescission theory. In the alternative, defendants contend that, because the judgment did not rescind the parties' contract, they are entitled to an award of attorney fees under the parties' contract. Plaintiff responds that, under ORS 20.096(1) and this court's case law, an award of attorney fees is not available if a party rescinds the contract that contains the source of authority for an award of attorney fees.

Generally, a party is not entitled to an award of attorney fees unless the award is authorized by statute or by a specific contractual provision. *Wilkes v. Zurlinden*, 328 Or 626, 631, 984 P2d 261 (1999); *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1990). As noted, the contract at issue here contains an attorney fees provision that purports to entitle only plaintiff to an award of attorney fees. Under ORS 20.096(1), when a contract specifically provides that attorney fees shall be awarded to one of the parties, such fees shall be awarded

dants voluntarily dismissed the negligence and unlawful debt collection claims. At the beginning of the trial, plaintiff confessed judgment on defendants' breach of fiduciary duty counterclaim. The trial court awarded defendants $200 in damages on that claim.

to the prevailing party in an action on the contract. *McMillan v. Golden*, 262 Or 317, 321, 497 P2d 1166 (1972).

Under the parties' contract, plaintiff would have been entitled to an award of attorney fees if he had prevailed on his claim for breach of contract. However, defendants successfully defended against plaintiff's claim and, thus, they are the prevailing party. *See Wilkes*, 328 Or at 632 ("if a plaintiff takes nothing on its claim, then the defendant is the prevailing party under ORS 20.096"); *American Petrofina v. D & L Oil Supply*, 283 Or 183, 199, 583 P2d 521 (1978) (same). Accordingly, under ORS 20.096(1), defendants are entitled to an award of attorney fees, unless for some other reason they are barred from receiving such an award. Plaintiff contends, and the Court of Appeals held, that defendants are not entitled to an award of attorney fees because they succeeded in rescinding the contract.

■■ It is well established that a party that successfully rescinds a contract is barred from relying on that contract for an award of attorney fees. *See Pickinpaugh*, 268 Or at 17-18 (so holding); *see also Niedermeyer v. Latimer*, 307 Or 473, 475, 769 P2d 771 (1989) (same); *Bodenhamer v. Patterson*, 278 Or 367, 378, 563 P2d 1212 (1977) (same). However, those cases are inapposite here because, contrary to the assertion of the Court of Appeals, the judgment in this case did not rescind the parties' contract. After the jury returned a verdict for defendants on plaintiff's claim, the trial court entered judgment for defendants against plaintiff. That judgment does not declare that the parties' contract was rescinded. Thus, defendants are entitled to an award of attorney fees under the contract and ORS 20.096(1).

Because of its disposition, the Court of Appeals did not address plaintiff's contention that the trial court erred in awarding attorney fees to defendants for time spent on non-contractual claims and in failing to limit the award of attorney fees to those reasonably allocable to the claim for which defendants had a right to recover fees. We remand the case to the Court of Appeals to consider those issues.

The decision of the Court of Appeals is reversed in part and affirmed in part. The case is remanded to the Court of Appeals for further proceedings.