Argued and submitted June 4, affirmed on appeal and cross-appeal
November 10, 1999

W. Dean FERNLEY,
*Respondent - Cross-Appellant,*

*v.*

Rhonda LLOYD,
*Appellant - Cross-Respondent.*

(9303-01573; CA A94724)

988 P2d 930

Danny H. Gerlt argued the cause and filed the briefs for appellant - cross-respondent.

Kevin E. Lucey argued the cause and filed the briefs for respondent - cross-appellant.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

**EDMONDS, P. J.**

Defendant appeals and plaintiff cross-appeals from a judgment dismissing plaintiff's complaint and a supplemental judgment denying attorney fees. ORS 19.205(2)(a). The trial court described this case as having "a long and tortured history, consistent with the long and tortured history of the relationship of the parties and their transactions." There is no benefit to be gained by providing any further details of the facts of this case, except to say that plaintiff is the seller and defendant the buyer of real property in a disputed land sale contract. Defendant makes 12 assignments of error. Plaintiff makes three assignments of error. We affirm on appeal and cross-appeal without discussion with two exceptions: plaintiff's final assignment of error that the trial court erred in denying plaintiff prevailing party fees and defendant's final assignment of error that the trial court erred in denying defendant attorney fees pursuant to ORS 20.105 and ORCP 17.

We begin with plaintiff's cross-appeal because it sets the stage for our discussion. Plaintiff asserts that

"[b]oth plaintiff and defendant agree on the general legal principal governing prevailing party attorney fees: that the party who prevailed overall is entitled to an award of reasonable attorney fees. Also, plaintiff and defendant seem to agree that it was pleaded and admitted that the land sale contract contained an attorney fee provision. Plaintiff and defendant part ways in determining who the prevailing party is." (Citation omitted.)

Generally, attorney fees are not recoverable without a statute or contractual provision authorizing the award. *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1990). Apparently, plaintiff relies on a provision found in a preprinted form that the parties refer to as the "Steven-Ness real estate contract." It provides that, in an action to foreclose or enforce the contract, the prevailing party is entitled to attorney fees.[1]

---

[1] To the extent that plaintiff also relies on an attorney fee provision in a trust deed delivered pursuant to the parties' failed settlement agreement, the trial court found that there was no enforceable settlement agreement and, therefore, the terms of the trust deed are also unenforceable. *See Care Medical Equipment, Inc. v. Baldwin*, 154 Or App 678, 681, 963 P2d 85, *rev allowed* 328 Or 293 (1998) (holding

However, plaintiff fails to recognize the import of the trial court's findings regarding the nature and content of the parties' contract. The trial court found that the Steven-Ness real estate contract was not signed and that the preprinted provisions were not part of the parties' agreement. After trial, the trial court made thorough and detailed findings in its interlocutory order of specific performance about the content of the parties' agreement. There is no finding that the parties' land sale contract contained a provision entitling the prevailing party to attorney fees.[2]

Because there is no agreement on the record before us that provides for attorney fees to the prevailing party, there is no entitlement to attorney fees under ORS 20.096 either.[3] *Niedermeyer v. Latimer*, 307 Or 473, 476, 769 P2d 771 (1989) (holding that ORS 20.096 "does not go beyond providing reciprocity to the extent that a contract provides for attorney fees only in favor of one party"). Finally, plaintiff does not contend that any other statute provides authority for an award of attorney fees. Therefore, the trial court could not have erred in denying plaintiff attorney fees.

■■ We turn next to defendant's assignment of error pertaining to the trial court's denial of attorney fees under ORS

---

that where a portion of a contract was void, the related attorney fee provision was also void).

[2] Although defendant admitted in her response to plaintiff's sixth amended complaint, superceded by plaintiff's seventh amended complaint, that the parties' agreement included attorney fees, that admission was not binding on the trial court. *Yates v. Large*, 284 Or 217, 223, 585 P2d 697 (1978).

[3] ORS 20.096 provides, in part:

"(1) In any action or suit on a contract, *where such contract specifically provides* that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements.

"* * * * *

"(5) Except as provided in ORS 20.015, as used in this section and ORS 20.097 'prevailing party' means the party in whose favor final judgment or decree is rendered.

"(6) *As used in this section and ORS 20.097 'contract' includes any instrument or document evidencing a debt.*" (Emphasis added.)

20.105(1) (1993)[4] and ORCP 17.[5] We review the trial court's decision not to award defendant attorney fees under the statute and the rule for an abuse of discretion. *Polizos v. Skoro*, 129 Or App 51, 55, 877 P2d 662, *rev den* 320 Or 271 (1994). Defendant argues that remand is required because the trial court did not hold an evidentiary hearing or make special findings regarding the parties' respective entitlement to attorney fees. We disagree. The trial court held a hearing on October 18, 1996, on the parties' requests for attorney fees after prolonged litigation that involved the court as well as a jury sitting as the trier of fact. The court had previously written a comprehensive memorandum opinion deciding the merits of the case. At the hearing regarding attorney fees, the trial court reiterated its findings that it had made previously:

"Both parties have acted inequitably towards each other and have abused the processes of the court. Although this court has overcome its temptation to simply throw out the entire case, thundering 'a plague on both your houses,' it concludes that neither party should be rewarded for his or her conduct with an award of attorney fees or costs."

We perceive nothing in the language of the statute or the rule that required the trial court to do more than what it did.[6]

Affirmed on appeal and on cross-appeal.

---

[1] ORS 20.105(1) (1993) provided:

"In any civil action, suit or other proceeding in a * * * circuit court * * *, the court may, in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."

Because this matter came to trial on September 30, 1994, the 1993 version of ORS 20.105 applies. *See* Or Laws 1995, ch 618, § 140.

[5] ORCP 17 D(1) provides, in part, that a trial court "may impose sanctions against a person or party who is found to have made a false certification under section C of this rule, or who is found to be responsible for a false certification under section C of this rule." ORCP 17 D(3) and (4) provide that those sanctions may include an order to pay the prevailing party reasonable attorney fees.

[6] Before oral argument, plaintiff moved to dismiss defendant's appeal on the ground that defendant accepted the benefit of the judgment. That motion is denied.