Argued and submitted July 24, affirmed September 27, 2000

AUTOLEND, IAP, INC.,
a Delaware corporation,
*Respondent,*

*v.*

AUTO DEPOT, INC.,
an Oregon corporation;
Gail S. Bash, individually and dba Auto Depot,
*Appellants,*

*and*

Lane TROST,
individually and dba AA Auto Brokers;
Bette Trost, individually and dba AA Auto Brokers;
Washington International Insurance Company,
an Arizona corporation;
Old Republic Surety Company,
a Wisconsin corporation,
*Defendants.*

WASHINGTON INTERNATIONAL INSURANCE
COMPANY,
*Third-Party Plaintiffs,*

*v.*

Jack D. RUSH,
Joe Christofferson and Vicki Christofferson,
Chester J. Stoyanovich, Stephen L. Eckhardt,
Raman L. Velji,
Brasher's Cascade Auto Auction Does 1-20,
Paul Stojanovic and Diane Ballantyne,
*Third-Party Defendants.*

(9712-10136; CA A106498)

11 P3d 693

Charles R. Markley argued the cause for appellants. With him on the briefs was Greene & Markley, P.C.

Gary Enloe argued the cause for respondent. With him on the brief were Douglas R. Hookland and Furrer & Scott LLC.

Before Linder, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

BREWER, J.

## BREWER, J.

■     Defendant Auto Depot, Inc. (Auto Depot) appeals from the trial court's denial of its request for attorney fees. We review for errors of law, *Selective Services, Inc. v. AAA Liquidating*, 126 Or App 74, 77, 867 P2d 545 (1994), and affirm.

Plaintiff AutoLend, IAP, Inc. filed this action against Auto Depot and defendant Gail Bash,[1] alleging in one of its claims that defendants had breached a loan agreement. Plaintiff also alleged that it was entitled to recover attorney fees from defendants, based on the agreement. Defendants' answer included three counterclaims. In the first counterclaim, defendants alleged that they were not parties to the loan agreement but asserted, alternatively, that plaintiff had breached the agreement. In their second counterclaim, defendants also alleged that they were not parties to the agreement but nonetheless sought attorney fees because plaintiff had asserted an attorney fee claim against them based upon the agreement.[2]

The case was tried to a jury. The trial court submitted the parties' claims to the jury on a special verdict form. The jury found that Bash had breached the loan agreement and awarded plaintiff damages against him. However, the jury left the special verdict form entirely blank with respect to Auto Depot. The trial court received the verdict without objection from any party. Auto Depot then filed a statement for attorney fees and costs and disbursements. The court entered judgment against Bash, but entered judgment in favor of Auto Depot on plaintiff's claim for breach of the loan agreement and dismissed Auto Depot's counterclaim for breach of the agreement. The court declined to award attorney fees or costs and disbursements to Auto Depot.

---

[1] Bash is designated as an appellant in the notice of appeal, but all of the relief sought by the appellants is on behalf of Auto Depot.

[2] Defendants' third counterclaim sought attorney fees on the ground that plaintiff's separate fraud claim against them was not objectively reasonable. *See* ORS 20.105. Auto Depot does not assign error to the trial court's failure to award attorney fees on that ground and, therefore, we do not discuss it further.

■       On appeal, Auto Depot assigns error to the trial court's failure to award it attorney fees and costs and disbursements. Auto Depot asserts that, because it was the party in whose favor final judgment was entered on plaintiff's claim against it, it is the prevailing party in the action and, thus, is entitled to recover attorney fees. Auto Depot relies, in part, on ORS 20.096.[3] Plaintiff responds that the jury verdict and the judgment dismissing its claim against Auto Depot demonstrate that there was no contract between the parties and, therefore, Auto Depot is not entitled to recover contract-based attorney fees.

■       With few exceptions, a party in whose favor final judgment is entered may recover attorney fees only when they are authorized by statute or a specific contractual provision. *Loverin v. Paulus*, 160 Or App 605, 613, 982 P2d 20 (1999). Plaintiff argues that "[t]he only conclusion that can be drawn from the verdict and the court's ruling is that there was no contract between [plaintiff] and Auto Depot." Auto Depot agrees that it "defeated plaintiff's claims that Auto Depot was a party to the contract which contained an attorney fees provision." Because Auto Depot established that it was not a party to the contract, we conclude that it is not entitled to recover attorney fees from plaintiff.

■       In *John Deere Co. v. Epstein*, 91 Or App 195, 755 P2d 711 (1988), the plaintiff sought enforcement of a written contract for the sale of a tractor. The defendant alleged that his signature on the contract had been forged. The trial court agreed, finding that there was no contract between the parties. The defendant then requested and was awarded attorney fees based on a provision in the contract. On appeal, we reversed the award. We began our analysis by observing that

---

[3] ORS 20.096 provides, in part:

"(1) In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements.

"* * * * *

"(5) * * * [A]s used in this section * * * 'prevailing party' means the party in whose favor final judgment or decree is rendered."

a party that successfully rescinds a contract may not recover attorney fees based on the disavowed contract. *Bodenhamer v. Patterson*, 278 Or 367, 378, 563 P2d 1212 (1977). We then turned to the facts at hand:

> "In this case, [defendant] succeeded on his defense of the *nonexistence* of the contract, asserting that he had never signed it. There is even less justification for an award of attorney fees in this situation than there was in *Bodenhamer*. A request for rescission presupposes that a contract does, or at least did, exist, but *a defense asserting that there never was an agreement negates the very instrument upon which recovery of attorney fees is contingent.*" *John Deere*, 91 Or App at 203 (first emphasis in original, second emphasis added).

*John Deere* stands for the proposition that attorney fees may not be awarded on the basis of a nonexistent contract. The Supreme Court's recent decision in *Bennett v. Baugh*, 329 Or 282, 985 P2d 1282 (1999), is not to the contrary. In *Bennett*, the defendants asserted alternative defenses to an alleged contract, some of which were rescission-based and others that were not. The jury returned a general verdict in the defendants' favor, and the trial court entered judgment for the defendants. The Supreme Court affirmed the trial court's award of attorney fees based on the contract because the judgment did not rescind it. *Id*. at 286. Here, on the other hand, the parties agree that the verdict and judgment of dismissal determined that there was no contract between the parties.[4] Accordingly, Auto Depot is not entitled to recover attorney fees based on the loan agreement.

■ As noted, Auto Depot does not rely exclusively on the agreement but, rather, it asserts that it is entitled to attorney fees based upon the reciprocal recovery provision of ORS 20.096(1). Auto Depot reasons that, because plaintiff asserted an attorney fee claim against it that was based on contractual authority, Auto Depot—as the prevailing party—is also entitled to recover attorney fees. Auto Depot is mistaken.

---

[4] To the extent that that conclusion may be debatable, we decline to consider arguments that the parties have neither made nor developed.

In *Fernley v. Lloyd*, 164 Or App 109, 988 P2d 930 (1999), the trial court found that a pre-printed land sale contract form containing an attorney fee provision did not represent an agreement between the parties. Instead, it found that the parties entered into a separate written contract that did not include an attorney fee provision. Although the trial court dismissed the plaintiff's claim based on the unexecuted written contract, it declined to award attorney fees to the defendant. We affirmed. We concluded that, "[b]ecause there is no agreement on the record before us that provides for attorney fees to the prevailing party, there is no entitlement to attorney fees under ORS 20.096 either." *Id.* at 112. We held that the term "prevailing party," as used in ORS 20.096, encompasses only parties to a contract that provides for recovery of attorney fees; it does not refer, in general, to any party that prevailed in the action. *Id.*

■     This case presents a factually different but legally indistinguishable set of circumstances from those found to exist in *Fernley*. Here, as found by the jury, there was an enforceable contract between plaintiff and Bash, but there was no contract between plaintiff and Auto Depot. In *Fernley*, there *was* a contract between the opposing parties on appeal, but it was not the contract that the plaintiff sought to enforce. The unifying thread between the cases is the fact that, in each, there was no contract between the disputing parties that included an attorney fee provision. Under such circumstances, ORS 20.096 does not provide a right to recover attorney fees. The legislature intended, in enacting ORS 20.096, to create reciprocal rights to recover attorney fees among parties to a contract. *Jewell v. Triple B. Enterprises*, 290 Or 885, 626 P2d 1383 (1981). The statute did not create a basis for recovery of attorney fees in the absence of an enforceable contract between the parties that provides for recovery of attorney fees by at least one of them should that party prevail in an action. *Fernley*, 164 Or App at 112.

■■     Our decision in *Golden West Insulation v. Stardust Investment Co.*, 47 Or App 493, 615 P2d 1048 (1980), upon which Auto Depot relies, is not to the contrary. In that case, we affirmed the trial court's attorney fee award to an assignee of the contract at issue. *Id.* at 512. We said:

"[I]n its amended complaint, plaintiff stated that after it had signed an agreement with Perry, he assigned his agreement to Stardust and Ignatovich, who 'acquired the rights and obligations of said agreement.' Had plaintiff prevailed at trial, it would have been entitled to an award of attorney fees against Ignatovich. Ignatovich was obliged to hire counsel and defend this suit; since he was able to get a decree dismissing plaintiff's cause of suit against him, he became a prevailing party. The trial court was correct in awarding him fees pursuant to the contract and ORS 20.096." *Id.*

An assignee occupies the same legal position under a contract as does an original contracting party. *Humbert Excavating, Inc. v. City of Pendleton,* 118 Or App 137, 141, 846 P2d 441, *adhered to as modified on other grounds* 120 Or App 431, 852 P2d 932 (1993). It thus comes as no surprise that the provisions of ORS 20.096 would be held to apply in favor of an assignee. *Golden West* "stands only for the proposition that one who is sued on the contract as an assignee has an entitlement to attorney fees * * *." *Stevens v. Foren,* 154 Or App 52, 61, 959 P2d 1008, *rev den* 327 Or 554 (1998). Because there was no contract—by assignment or otherwise—between plaintiff and Auto Depot, Auto Depot was not a "prevailing party" in the sense contemplated by ORS 20.096(5). Therefore, the trial court did not err in failing to award it attorney fees.

■     Neither did the court err in declining to award costs and disbursements to Auto Depot. In general, awards of costs and disbursements to a prevailing party are governed by ORCP 68 B.[5] That rule does not define the term "prevailing party." In this case, Auto Depot prevailed on plaintiff's claims, and plaintiff prevailed on Auto Depot's counterclaim for breach of the loan agreement. Auto Depot argues that it was a prevailing party because it defeated plaintiff's claims.

---

[5] ORCP 68 B provides:

"In any action, costs and disbursements shall be allowed to the prevailing party, unless these rules or other rule or statute direct that in the particular case costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party, or unless the court otherwise directs. If, under a special provision of these rules or any other rule or statute, a party has a right to recover costs, such party shall also have a right to recover disbursements."

It is true that, where opposing parties have defeated each other's claims arising from an enforceable contract, the Supreme Court has held that both are "prevailing parties" under ORS 20.096(5) for purposes of an award of attorney fees. *Wilkes v. Zurlinden*, 328 Or 626, 633, 984 P2d 261 (1999). To date, neither this court nor the Supreme Court has decided whether the same rule applies to awards of costs and disbursements. *See Wade v. Mahler*, 167 Or App 350, 358, 1 P3d 485 (2000) (suggesting that definition of "prevailing party" in ORS 20.096(5) may apply to award of costs and disbursements, because ORCP 68 B does not separately define the term).

■ This case does not present an opportunity to resolve that issue because, in any event, the court did not err in declining to award costs and disbursements. By giving a trial court authority to "otherwise direct[ ]," ORCP 68 B empowers the court with discretion not to award costs and disbursements to a prevailing party. Thus, we review the trial court's decision not to award costs and disbursements for abuse of discretion. *Rogerson v. Baker*, 56 Or App 748, 750, 642 P2d 1216 (1982). Auto Depot defeated plaintiff's claims against it and plaintiff prevailed on Auto Depot's counterclaim for breach of the loan agreement. The trial court did not abuse its discretion in declining to award costs and disbursements.

Affirmed.