NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MERRI SUE CLARK; RICHARD WARREN CLARK, | Nos. 23-35275 23-35554 |
| Plaintiffs-Appellants, | D.C. No. 6:21-cv-01139-MC |
| v. | |
| ANNETTE PHELPS; APRIL CURTIS; MEDIATION CASE MANAGER; LSF9 MASTER PARTICIPATION TRUST; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON; U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust; CALIBER HOME LOANS, INC.; COURTNEY RUIZ; CANOPY SOFTWARE, INC.; FAY SERVICING, LLC; LSF9 MORTGAGE HOLDINGS, LLC; CHRISTOPHER BURKE; DOES, 1-10, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeals from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted April 22, 2025**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:    GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Merri Sue Clark and Richard Warren Clark appeal pro se from the district court's orders denying their motion to remand their foreclosure-related action and awarding defendants attorney's fees and costs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo subject matter jurisdiction and denials of motions to remand, *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1315 (9th Cir. 1998), and for an abuse of discretion an award of fees and costs made under state law, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 898 (9th Cir. 2006). We affirm.

The district court properly denied the Clarks' motion to remand because it correctly determined that Phelps and Curtis, the only non-diverse defendants, were fraudulently joined to defeat diversity jurisdiction. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) ("Although an action may be removed to federal court only where there is complete diversity of citizenship, one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." (citations and internal quotation marks omitted)); *Grancare, LLC v. Thrower ex. rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (explaining that fraudulent joinder may be established "if a defendant shows that an individual[] joined in the action cannot be liable on any theory" (citation and internal quotation marks omitted)).

2                                                                    23-35275

The district court did not err in awarding attorney's fees and costs to defendants U.S. Bank and Caliber Home Loans, Inc. because the promissory note and deed of trust the Clarks signed entitle the lender and its successors to expenses incurred in defending the loan. *See Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) ("A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees."); *Autolend, IAP, Inc. v. Auto Depot, Inc.*, 11 P.3d 693, 695 (Or. Ct. App. 2000) (explaining that "a party in whose favor final judgment is entered may recover attorney fees . . . when they are authorized by statute or a specific contractual provision").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**