Argued May 17, affirmed June 23, petition for rehearing denied
August 8, petition for review denied October 17, 1972

BAKER ET UX, *Appellants, v.*
DESCHUTES COUNTY ET AL (No. 16277),
*Respondents.*

498 P2d 803

*Walter I. Edmonds, Jr.,* Redmond, argued the cause for appellants. With him on the briefs were Joseph Larkin and Larkin, Bryant & Edmonds, Redmond.

*Louis L. Selken,* District Attorney, Bend, argued the cause and filed the brief for respondents.

Before LANGTRY, Presiding Judge, and FORT and THORNTON, Judges.

THORNTON, J.

Plaintiffs Mr. and Mrs. Baker brought a declaratory judgment suit against defendants Deschutes County and its three county commissioners seeking to enforce an option agreement to purchase certain county-owned land. The trial court held Deschutes

County did not have authority under ORS 275.080 to enter into the agreement and denied relief. Plaintiffs appeal.

The central question is, did the trial court err in failing to consider whether any statutes other than ORS 275.080 provided authority for the county to sell the property, and in failing to require defendants to convey the property to plaintiffs under those statutes.

On April 3, 1968, the county commissioners adopted a resolution, purporting to authorize the county to grant the plaintiffs an option to purchase the land. The resolution contained recitals couched in terms of ORS 275.080.[1] On the same date the parties entered into the option agreement in dispute. Under the option plaintiffs were granted the exclusive and irrevocable right to purchase the land for a period of three years at a price of $92,500. In 1970 part of the land subject to the option was interchanged with com-

---

[1] ORS 275.080 provides:

"(1) Any county court may sell at public or private sale, and convey to any person or corporation impounding and selling water to the public, any lands heretofore or hereafter acquired by such county through foreclosure of tax liens or otherwise, when, in the discretion of such county court, the conveyance is necessary for the preservation or protection of any watershed from which water is being impounded and sold to the public by such person or corporation. The county court shall give prior notice of such sale by publication thereof once each week for two consecutive weeks in a newspaper of general circulation in the county.

"(2) Legal title to timber on such lands shall remain in the county and such timber shall not be removed therefrom except with the express written consent of and under the direct supervision of the State Board of Forestry.

"(3) Should any such lands so conveyed cease to be used to preserve and protect the watershed for which it was conveyed, or if the person or corporation does not take water from the watershed for a period of one year, legal title to such land shall immediately revert to and revest in the county without the necessity of re-entry."

parable land. On February 22, 1971, plaintiffs sought to exercise the option by tendering the purchase price. When defendants refused to comply with the agreement plaintiffs brought suit. The trial court denied the relief sought, finding that the parties intended to operate solely under ORS 275.080, and that because plaintiffs were not presently engaged in the business of impounding and selling water to the public, the requirements of ORS 275.080 were not met. We agree with this finding.

Plaintiffs contend that inasmuch as defendants might have entered into a contract to sell the subject property by following procedures provided under several other statutes,[⊛] the trial judge erred in not compelling them to do so.

■ We first consider defendant county's contention that there was no consideration for the option and thus it is void. Plaintiffs do not contend that there was any consideration originally, but rather that an option given without consideration is in effect an offer until it is withdrawn and which, when accepted, forms a valid contract of sale. Plaintiffs' position is that their notice that they were exercising the option was such an acceptance, and that the tender of the purchase price provided the consideration. Defendants' contention as to lack of consideration is in error. *See, Strong et al. v. Moore et al.,* 105 Or 12, 21, 207 P 179 (1922); *Sprague v. Schotte,* 48 Or 609, 87 P 1046 (1906).

We now consider whether the trial court erred in failing to consider whether the contract was authorized by statutes other than ORS 275.080.

The resolution states that the option was granted

---

[⊛] ORS 271.310, 275.030, 275.110, 275.190, 275.220 and 275.250.

under ORS 275.080, and that the plaintiffs would be impounding water. The statute requires that the buyer be presently impounding water and that the conveyance is necessary to protect a watershed. Thus, the resolution shows on its face that the requirements of the statute are not met. Plaintiffs' argument treats this question as if it were a matter of a legal contract carried out in an illegal way. This contention is untenable. The real question is the statutory authority of defendants, on the facts here presented, to enter into the contract at all.

■■ It is fundamental law that government entities and their officers must find sanction for their actions in the statute itself. There is no apparent authority in a public officer whose duties are prescribed by law as there would be in the case of an agent for a private party. *State v. Des Chutes Land Co.*, 64 Or 167, 175, 129 P 764 (1913); *Mackenzie v. Douglas County*, 81 Or 442, 449, 159 P 625, 159 P 1033 (1916).

■■ Persons contracting with a public officer acting under a public law must, at their peril, ascertain the scope of the officer's authority, *Public Market Co. v. Portland*, 171 Or 522, 130 P2d 624, 138 P2d 916 (1943), and are chargeable with notice of the contents of the enactment conferring that authority. A contract by a public officer in excess of the provisions of the statute authorizing such contract is void, so far as it departs from or exceeds the terms of the law under which it was attempted to be negotiated. *State v. Des Chutes Land Co.*, supra at 175.

■ Where, as here, a county enters into an option agreement to sell county property under authority contained in a particular enabling statute, and the evidence shows that the proposed purchasers were not

eligible to purchase under the terms of the particular statute, the option agreement is void. *State v. Des Chutes Land Co.,* supra.

This then is not simply a case of a legal contract carried out in an illegal way as plaintiffs contend, but is in effect an attempt to obtain specific performance of a void contract.

> "Equity will not specifically enforce a contract void at law for illegality, and where a contract grows immediately out of or is connected with an illegal act, equity will not decree its specific performance * * *." 49 Am Jur 29, Specific Performance § 19.

■ We have been cited to no authority nor have we found any which would permit the courts to make a new and different contract for the parties under a different statute which might have authorized the sale of the property in the first place if all the applicable statutory requirements, e.g., a preliminary finding by the governing body that the land was not needed for public use, publication of appropriate notice, public bidding, etc., had been complied with at that time. The applicable rule is set forth in *Clarno v. Grayson,* 30 Or 111, 144, 46 P 426 (1896), which involved a suit for specific performance of an option agreement to purchase a mine. In denying plaintiff Clarno's prayer for specific performance of some of the acts requested, our Supreme Court said:

> "* * * [T]he fixing [of] a new time for payment would be the making of a new contract. The court cannot make contracts for parties. Its duty is to determine their rights under the contracts they have made for themselves, and when this is done it can do no more." 30 Or at 144.

Affirmed.