Argued and submitted November 4, 1999, the decision of the Court of Appeals affirmed, and supplemental judgment of the circuit court reversed December 21, 2000

## CARE MEDICAL EQUIPMENT, INC.,
an Oregon corporation,
*Respondent on Review,*

*v.*

## Mark BALDWIN,
*Petitioner on Review,*

*and*

## STEP SAVER, INC.,
*Defendant.*

(CC 9509-06169; CA A95996; SC S45893)

15 P3d 561

Charles E. Corrigan, of O'Donnell Ramis Crew Corrigan & Bachrach, LLP, Portland, argued the cause for petitioner on review. With him on the briefs was Mark L. Busch.

Joseph D. McDonald, of Palmer, Feltz, Smith & McDonald, Portland, argued the cause for respondent on review. With him on the brief was Laura E. Vaught.

VAN HOOMISSEN, J.

**VAN HOOMISSEN, J.**

Plaintiff employer brought this action against defendant employee for breach of a noncompetition provision in an employment contract between the parties. The trial court ruled that the noncompetition provision of the contract was void and unenforceable, and it dismissed plaintiff's claims. After entering judgment in defendant's favor, the court awarded defendant $25,000 in attorney fees. The Court of Appeals reversed the award of attorney fees. *Care Medical Equipment, Inc. v. Baldwin*, 154 Or App 678, 963 P2d 85 (1998). The issue is whether the trial court erred in awarding attorney fees to defendant. For the reasons that follow, we affirm the decision of the Court of Appeals.

Plaintiff hired defendant as a sales representative. Later, the parties entered into an "EMPLOYMENT SERVICES CONTRACT" that contained the following provision:

"IV. *NON-COMPETE AGREEMENT*

"Employee agrees that upon termination of the employment relationship for whatever reason, he shall not directly compete with Employer, through subsequent employment nor independently, in the field of durable medical equipment marketing, sales or leasing within the general Multnomah County, Oregon and Clark and Cowlitz Counties, Washington area for a period of two (2) years. Employee shall neither solicit nor accept business from referral sources in said area for the two-year period. Employee also agrees that a list of his referral sources within the general Multnomah, Clark and Cowlitz county geographical areas will be disclosed to Employer from time-to-time throughout the duration of the Employer/Employee relationship, and an up-dated list of such referral sources shall be provided to Employer upon termination of said relationship.

"Such sources shall not be disclosed to Employer's competitors or potential competitors for a period of two (2) years after termination of Employer and Employee's employment relationship. 'Referral sources' shall mean those individuals and companies which provide recommendations to and provide contacts with consumers and businesses for the purchase or lease of goods from the Employers. *It is agreed*

*that violation of this provision shall cause incalculable and irreparable harm to Employer such that the Employer shall be entitled to injunctive relief and the cost of pursuing legal action to enforce this agreement."*

(Emphasis added.)

Thereafter, plaintiff brought this action against defendant for breach of the noncompetition provision of the parties' contract. Defendant argued that the noncompetition provision was void and unenforceable under ORS 653.295(1) because the parties had not entered into the noncompetition agreement in conjunction with a bona fide advancement of defendant.[1] The jury agreed and, as noted, the trial court dismissed plaintiff's claim and awarded attorney fees to defendant.

On appeal, the only issue was attorney fees. Plaintiff argued that, because defendant successfully had established that the noncompetition agreement was void and unenforceable, defendant was not entitled to attorney fees. Defendant responded that, because the trial court ruled only that the noncompetition provision of the parties' contract, not the contract in its entirety, was void, he was entitled to attorney fees under ORS 20.096(1).[2] The Court of Appeals agreed with plaintiff, explaining:

---

[1] ORS 653.295 provides, in part:

"(1) A noncompetition agreement entered into between an employer and employee is void and shall not be enforced by any court in this state unless the agreement is entered into upon the:

"(a) Initial employment of the employee with the employer; or

"(b) Subsequent bona fide advancement of the employee with the employer.

"* * * * *

"(6) As used in this section:

"* * * * *

"(c) 'Noncompetition agreement' means an agreement, written or oral, express or implied, between an employer and employee under which the employee agrees that the employee, either alone or as an employee of another person, shall not compete with the employer in providing products, processes or services, that are similar to the employer's products, processes or services for a period of time or within a specified geographic area after termination of employment."

[2] ORS 20.096(1) provides:

"Defendant's argument that the attorney-fee clause somehow survives the voiding of the noncompetition agreement fails in light of the fact that the express language of that agreement indicates that the fee provision applies *only* to actions brought to enforce that agreement. Because the court determined that the noncompetition agreement was void, it follows that the attorney-fee provision is as well."

154 Or App at 681 (emphasis in original). We allowed defendant's petition for review.

■ Defendant argues that ORS 20.096(1) requires an award of attorney fees to the prevailing party in *any* action on a contract that contains an attorney-fees provision. Defendant asserts that, as the prevailing party in an action on a contract, he is entitled to attorney fees under the wording of the contract and under ORS 20.096(1). Plaintiff responds that a right to attorney fees under ORS 20.096(1) is predicated on the existence of an attorney-fees provision in the contract on which the action was brought. According to plaintiff, when the noncompetition provision of the contract, of which the attorney-fees provision was an integrated and inseparable part, was rendered void by operation of ORS 653.295(1), the attorney-fees provision also ceased to exist. Therefore, plaintiff argues, defendant has no right to recover attorney fees under the parties' contract and ORS 20.096(1).[3]

■ A contract provision allowing for attorney fees is a necessary predicate to the application of ORS 20.096(1). In this case, defendant asserted successfully that there never was a noncompetition agreement. That defense rendered void the very provision of the parties' employment contract

---

"In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements."

*See Jewell v. Triple B. Enterprises*, 290 Or 885, 888, 626 P2d 1383 (1981) (purpose of ORS 20.096(1) is to allow buyer and seller same right to collect attorney fees despite one-sided contractual provisions, thereby equalizing rights of disfavored parties to adhesion contracts).

[3] Generally, a party is not entitled to an award of attorney fees unless the award is authorized by statute or by a specific contractual provision. *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1990).

on which recovery of attorney fees by "the prevailing party," *i.e.*, defendant, depended. Therefore, there remains no contract provision to make reciprocal under ORS 20.096(1).

Defendant's reliance on *Bennett v. Baugh*, 329 Or 282, 985 P2d 1282 (1999), is misplaced. In that case, the attorney-fees provision in a promissory note that the defendants gave to the plaintiff provided:

> "In event of suit or action to enforce payment of this note, promisor shall be liable for attorney fees and costs incurred in commencement and prosecution of such action or suit."

*Id.* at 284. The plaintiff argued that the defendants were not entitled to an award of attorney fees because they succeeded in rescinding the contract. This court concluded that, because the judgment did *not* rescind the parties' contract, the defendants were entitled to attorney fees under the contract and ORS 20.096(1). *Id.* at 286. In contrast, defendant here succeeded in having the noncompetition agreement declared void and unenforceable. That agreement was the only source of defendant's entitlement to an award of attorney fees.

Defendant argues, in the alternative, that the court may sever the void and unenforceable noncompetition agreement from the attorney-fees provision. The Court of Appeals addressed the issue of severance as follows:

> "Although we agree that our past decisions have dealt only with actions in which the entire contract was voided or nullified, we see no principled reason why the same logic should not apply to a case such as this one, where the disputed fee provision is of a piece with that portion of the contract that has been voided."

*Care Medical Equipment*, 154 Or App at 681.

■■ In arriving at its conclusion, the Court of Appeals properly looked to the wording of the contract. The extent to which a contract is divisible and whether one promise may be severed from another depends on the intention of the parties, which we determine by interpreting the contract. *Pettigrove v. Corvallis Lbr. Mfg. Co.*, 143 Or 33, 35, 21 P2d 198 (1933). The court must interpret the wording of a contract to effectuate the intentions of the parties, as those intentions can be

determined from that wording and other relevant circumstances. *Bauman v. Bauman,* 245 Or 574, 577, 423 P2d 181 (1967).

In the present case, paragraph IV of the contract limits the right to recover attorney fees to enforcement of "this provision of the contract," *i.e.,* the noncompetition agreement. The attorney-fees provision that supplemented the noncompetition agreement was legally viable only if the noncompetition agreement was enforced. Once the court determined that the noncompetition provision of the contract was void, no provision of the parties' contract permitted defendant to claim attorney fees. Accordingly, the trial court erred in awarding attorney fees to defendant under ORS 20.096(1).

The decision of the Court of Appeals is affirmed. The supplemental judgment of the circuit court is reversed.