Argued and submitted January 4, affirmed June 11, petition for review denied
September 12, 2008 (345 Or 301)

DESS PROPERTIES, LLC,
an Oregon limited liability company,
*Plaintiff,*

*v.*

SHERIDAN TRUCK & HEAVY EQUIPMENT, LLC,
an Oregon limited liability company,
*Defendant.*

YAMHILL FOREST PRODUCTS, INC.,
an Oregon corporation;
and Sheridan Truck & Heavy Equipment, LLC,
an Oregon limited liability company,
*Appellants,*

*v.*

DESS PROPERTIES, LLC,
an Oregon limited liability company,
*Respondent.*

Yamhill County Circuit Court
CV050095; A133224

185 P3d 1113

Kevin T. Lafky argued the cause and filed the briefs for appellants.

Thomas Tankersley argued the cause for respondent. With him on the brief was Drabkin, Tankersley & Wright, LLC.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

This case is about the entitlement to prevailing party attorney fees arising from a dispute regarding whether a contract existed between the parties. ORS 20.083 provides:

"A prevailing party in a civil action relating to an express or implied contract is entitled to an award of attorney fees that is authorized by the terms of the contract or by statute, even though the party prevails by reason of a claim or defense asserting that the contract is in whole or part void or unenforceable."

The trial court determined that no contract was formed between the parties and, therefore, that defendant was not entitled to an award of attorney fees under the statute as the prevailing party. For the reasons explained below, we agree with the trial court and affirm.

■        The relevant facts are not complex. Defendant Sheridan Truck & Heavy Equipment proposed to sell about 3.5 acres of land—known as "the truck stop"—on Rock Creek Road in Sheridan, Oregon, to plaintiff Dess Properties. Although the parties purported to enter into a purchase agreement, the sale was never consummated. As a result, plaintiff filed an action against defendant attempting to enforce what it asserted was a contract for the sale and purchase of the land. The purchase agreement included a provision for the award of attorney fees to the prevailing party in any litigation arising between the parties to the agreement. Based on that provision and ORS 20.083, plaintiff pleaded an entitlement to attorney fees in its complaint. In its answer, defendant also pleaded an entitlement to attorney fees:

"Pursuant to ORS 20.083, Defendant should be awarded all attorney fees, costs and disbursements in these proceedings if Defendant is the prevailing party, even though Defendant prevails by reason of a claim or defense asserting that the contract is void or unenforceable."

Following a trial to the court, the court found in favor of defendant. In the course of announcing its extensive

oral findings, the trial court found that, "[b]ased on the evidence presented, the parties never intended the draft [purchase] agreement to be a binding valid document for the transfer of the property. * * * There's no valid evidence of any contract for the sale of the property." Therefore, the court found in favor of defendant based on its finding that the parties never entered into a contract for the sale and purchase of the truck stop. Although, in its oral pronouncement, the court initially indicated its intent to award attorney fees to defendant, it ultimately chose not to, explaining its reasoning in a letter opinion:

> "ORS 20.083 pertains to a prevailing party in a civil action involving an express or implied contract. In the case at hand, there was never any contract, [either] express or implied. The legislative history provided by the defendant does not support the contention of the defendant that ORS 20.083 would also apply to an action which is not supported in law or fact by the existence of any contract, not even one that is determined to be a void or voidable contract. The finding of the court was that there was a draft purchase agreement that was not intended by the parties to be a contract."

On appeal, defendant assigns error to the trial court's refusal to award attorney fees. It asserts that the "argument that a valid contract never existed in this case is legally the same as arguing that the 'contract,' (Purchase agreement), in this case was void." It follows, according to defendant, that ORS 20.083—which, as noted, allows an award of attorney fees in a contract case "even though the party prevails by reason of a claim or defense asserting that the contract is in whole or part void"—supports an award of attorney fees here.

Our analysis of the issue begins with the discussion of two cases that inform the determination of the issue framed by defendant's argument. In *AutoLend, IAP, Inc. v. Auto Depot, Inc.*, 170 Or App 135, 139, 11 P3d 693 (2000), *rev den*, 332 Or 240 (2001), a case decided before the enactment of ORS 20.083, the plaintiff brought a contract action against the defendant, and the defendant asserted a number of counterclaims, including the assertion that it was not a party to the contract. The contract included an attorney fee provision.

Following a jury trial, the defendant prevailed, and it sought attorney fees under ORS 20.096.[1] The trial court denied attorney fees, and, on appeal, the defendant assigned that denial as error.

On appeal, the plaintiff asserted that the defendant was not entitled to attorney fees because it was not a party to the contract that included the attorney fee provision. The defendant conceded the point that it was not a party to the contract. This court held that, "[b]ecause [the defendant] established that it was not a party to the contract, we conclude that it is not entitled to recover attorney fees[.]" *Id.* at 139. We quoted our opinion from *John Deere Co. v. Epstein*, 91 Or App 195, 203, 755 P2d 711 (1988), in which we explained,

> " 'In this case, [defendant] succeeded on his defense of the *nonexistence* of the contract, asserting that he had never signed it. There is even less justification for an award of attorney fees in this situation than there was in [*Bodenhamer v. Patterson*, 278 Or 367, 378, 563 P2d 1212 (1977), which involved the denial of attorney fees because the defendant had prevailed in rescinding the contract.] A request for rescission presupposes that a contract does, or at least did, exist, but *a defense asserting that there never was an agreement negates the very instrument upon which recovery of attorney fees is contingent.*' "

*AutoLend*, 170 Or App at 140 (first emphasis in *John Deere*, second emphasis by *AutoLend* court). "*John Deere*," we explained, "stands for the proposition that attorney fees may not be awarded on the basis of a non-existent contract." *Id.*

Our reasoning in *John Deere* and *AutoLend* would appear to answer defendant's argument—attorney fees may not be awarded pursuant to a purported contract if there never was a contract. Nonetheless, defendant argues that a different result should occur under ORS 20.083, which was,

---

[1] ORS 20.096, the reciprocal attorney fee statute, provides, in part:

"In any action or suit in which a claim is made based on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim, whether that party is the party specified in the contract or not, shall be entitled to reasonable attorney fees in addition to costs and disbursements."

as noted, enacted after our decision in *AutoLend*, and, unlike ORS 20.096, refers to contracts that are "in whole or part void or unenforceable." The issue, then, is whether the legislature intended to authorize the recovery of attorney fees under ORS 20.083 when a defendant prevails in a contract action by successfully arguing that no contract existed.

Our task is to discern the legislature's intent using the familiar analytical template described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). We undertake that task by first examining the text and context of the statute. We begin with the text of the statute itself as the starting point for interpretation, because it is the best evidence of the legislature's intent. *Id.* at 610. We also apply rules of statutory construction that bear directly on the interpretation of the statutory provision at issue. If, after completing the first level of analysis, the legislature's intent is clear, our task is complete and further inquiry is unnecessary. *Id.* at 611.

Defendant argues that the nonexistent contract in this case is the same as a void contract, so that ORS 20.083 applies. Relying on legislative history, defendant also asserts that the statute was enacted, at least in part, to bring Oregon law into alignment with California and Washington law. Finally, defendant asserts that, under the law of those states, it would be entitled to attorney fees in this situation. Plaintiff remonstrates that defendant's interpretation of the statute would require this court to "insert language that is not there," contrary to ORS 174.010, which admonishes judges "not to insert what has been omitted" when construing statutes. Plaintiff also argues that the phrase "void contract" has an established meaning that does not include a nonexistent contract.

Although at the first level of the template, we typically interpret the words of a statute using their "plain, natural, and ordinary meaning," there are exceptions to that rule. 317 Or at 611. One such exception is when the language at issue is a term of art. *See, e.g., Tharp v. PSRB*, 338 Or 413, 423, 110 P3d 103 (2005) (holding that, although the terms "mental disease or defect" and "personality disorders" consist of words of common usage, they are terms of art when used in

the context of professional discipline). In our view, the phrase "void contract" is a legal term of art; it has a well-established legal meaning, a meaning that we assume the legislature was aware of. *See McIntire v. Forbes*, 322 Or 426, 431, 909 P2d 846 (1996) (stating that first-level *PGE* analysis "includes reference to well-established legal meanings for terms that the legislature has used"). Accordingly, in determining legislative intent, we must ascertain the well-established meaning of "void contract."

We observe initially that the statute expressly limits its reach to situations involving some kind of extant contract—in the words of the statute, either "express or implied." As plaintiff argues, defendant's proffered interpretation would require that the statute be interpreted as if it read,

> "A prevailing party in a civil action relating to *a purported or alleged* express or implied contract is entitled to an award of attorney fees that is authorized by the terms of the *purported or alleged* contract or by statute, even though the party prevails by reason of a claim or defense asserting that the contract is in whole or part void or unenforceable *or never existed.*"

(Emphases added.) Yet, under ORS 174.010, we are not at liberty to insert additional terms into a statute. Second, when viewed as a whole, the statute appears to contemplate the existence of a contract between the parties. That is, the entire statute is written in light of the unstated premise that there exists a contract that is either "express or implied" but that the contract has been subsequently determined to be "in whole or in part void or unenforceable."

Nonetheless, relying on *Black's Law Dictionary*, defendant argues that a "void contract" is synonymous with a "nonexistent contract." We agree that *Black's* could be one source from which to identify the meaning of a legal term of art. But, we believe a more persuasive indicator of the legislature's intent is how Oregon courts have consistently used that phrase to describe circumstances other than a nonexistent contract. A few examples suffice to demonstrate the specialized meaning that the phrase "void contract" has acquired in Oregon law. In *Keller v. Bley*, 15 Or 429, 433, 15 P 705 (1887), the court referred to a void contract as one that—

although it existed—violated the statute of frauds: "A verbal contract to do work which, by its terms, is not to be performed within one year, is void * * *." Similarly, in *Twohy Bros. Co. v. Ochoco Irr. Dist. et al.*, 108 Or 1, 31-32, 210 P 873 (1922), the court referred to a void contract with a municipality that existed but had not been entered into in accordance with statutory requirements. Finally, in *Baker v. Deschutes County*, 10 Or App 236, 240-41, 498 P2d 803 (1972), this court described a "void contract" as a contract entered into under a particular enabling statute, where the evidence shows "that the proposed purchasers were not eligible to purchase under the terms of the particular statute[.]"

In each of the above examples, Oregon courts have used the phrase "void contract" in the context of a contract that is unenforceable for some reason other than that the parties to it did not reach any agreement. That case law is consistent with the meaning that commentators have ascribed to the phrase, "void contract." As Professor Perillo explains, the phrase "void contract" should not be interpreted to be synonymous with the phrase "nonexistent contract": "In the term 'void contract,' there is a self-contradiction. This is because the term 'contract' is always defined so as to include some element of enforceability." Joseph M. Perillo, 1 *Corbin on Contracts* § 1.7 20-21 (1993) (footnote omitted). Finally, as the *Restatement* explains,

> "A promise for breach of which the law neither gives a remedy nor otherwise recognizes a duty of performance by the promisor is often called a void contract. Under § 1, however, *such a promise is not a contract at all*; it is the 'promise' or 'agreement' that is void of legal effect. If the term 'contract' were defined to refer to the acts of the parties without regard to their legal effect, a contract could without inconsistency be referred to as 'void.' "

*Restatement (Second) of Contracts* § 7 comment a (1981) (emphasis added).

In summary, we hold that the phrase "void contract" in ORS 20.083 is a legal term of art that the legislature

intended to have a specialized meaning when used in the context of the statute. We also hold that the phrase "void contract" has an established meaning that does not include nonexistent contracts. In this case, the court found that no contract existed between the parties. It necessarily follows from that finding that defendant, the prevailing party, was not entitled to attorney fees under the statute. Rather, the word "void" in the statute refers to agreements actually entered into that are unenforceable by reason of their failure to comply with some other legal requirement.

Affirmed.