Argued and submitted October 7, 2010, judgment denying an award of attorney fees and costs vacated and remanded; otherwise affirmed February 16, 2011

Laura KING,
*Plaintiff-Respondent,*

*v.*

NEVERSTILL ENTERPRISES, LLC,
an Oregon limited liability company,
and Lorrie Reierson,
an individual,
*Defendants-Appellants.*

Multnomah County Circuit Court
070708392; A141658

248 P3d 30

Thomas W. Brown argued the cause for appellants. With him on the briefs was Cosgrave Vergeer Kester LLP.

Cary Novotny argued the cause for respondent. With him on the brief was Brindle McCaslin & Brindle, P.C.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendants appeal a judgment in their favor in a breach of contract action. The trial court dismissed plaintiff's claim with prejudice pursuant to ORCP 54 B(2) but refused to award defendants their requested attorney fees and costs. Defendants raise two assignments of error, together amounting to an assertion that the court erred in refusing to award them their fees and costs. First, defendants argue that the court erred in concluding that, because plaintiff's claim was dismissed on the ground that she was not the real party in interest, defendants were not entitled to recover attorney fees under the agreements on which plaintiff's breach of contract claim was based. Second, they contend that the court erred in determining that, because ORCP 54 B(2) does not provide for an award of costs to the prevailing party in an action, defendants were not entitled to recover their costs. We agree with defendants on both issues and vacate and remand the judgment.

The relevant facts are undisputed. Defendant Neverstill Enterprises, LLC (Neverstill), entered into an agreement with Fernando's Hideaway, LLC (Fernando's), to purchase the restaurant Fernando's Hideaway in Portland for $575,000 in 2001. A portion of the purchase price was to be paid under two promissory notes executed by Neverstill in favor of Fernando's, both of which were personally guaranteed by defendant Reierson. Plaintiff was a member of Fernando's when the parties entered the agreements, and she became its sole member in 2002. The purchase agreement, the two promissory notes, and the guaranty agreement have attorney-fee provisions. The State of Washington administratively dissolved Fernando's in August 2003. The state cancelled the company's certificate of formation in August 2005. Before the cancelation, Fernando's had not assigned or otherwise transferred its rights under any of its agreements with defendants.

Plaintiff sued defendants in 2007 for breach of contract, alleging that Neverstill had failed to make payments required under the purchase agreement. The case was tried to the court. After plaintiff had presented her evidence,

defendants moved, pursuant to ORCP 54 B(2), to dismiss plaintiff's claim.

The court determined that, because plaintiff was not a party to the agreements and Fernando's had failed to timely assign them to her, she was not the real party in interest—that is, she was not someone who could obtain relief against defendants under the agreements. Accordingly, the court granted defendants' ORCP 54 B(2) motion and dismissed plaintiff's claim with prejudice.

Defendants filed a statement seeking attorney fees under ORS 20.083 (2007)[1] and costs and disbursements under ORCP 68 B. After a hearing, the court issued a letter opinion, concluding:

> "I found that Fernando's * * * was administratively dissolved and not authorized to conduct any business after August 27, 2005. Fernando's failed to transfer or assign the agreements/contracts prior to August 27, 2005, and, thus, the Plaintiff's claim was dismissed. I do not believe the Defendants are entitled to attorney fees [under ORS 20.083]. Plaintiff was not a party to the agreements nor were the agreements assigned to her in a timely fashion. [Defendants] cannot have it both ways.
>
> "The case was dismissed under ORCP 54 B(2), which does not provide for costs and disbursements for the prevailing party. ORCP 54 A(3) allows for the dismissed party to be considered the prevailing party thus entitling the party to costs and disbursements. ORCP 54 B(2) does not."

Based on that reasoning, the court denied defendants' request for attorney fees and costs.

■   We begin with defendants' first assignment of error, *viz.*, that the court erred in concluding that defendants could not recover attorney fees against plaintiff under ORS 20.083 and the attorney-fee provisions of the contracts because defendants had prevailed in the action by establishing that

---

[1] The legislature amended ORS 20.083 and a related statute, ORS 20.096, in 2009. Or Laws 2009, ch 285, §§ 1, 2. The amended statutes apply to actions on contracts in which a judgment was entered after June 16, 2009. Or Laws 2009, ch 285, § 3(2). The judgment in this case was entered on February 18, 2009, and, therefore, the amendments do not apply. Accordingly, all references to ORS 20.083 and ORS 20.096 are to the 2007 versions.

plaintiff was not a party who could enforce the contracts. Defendants argue that ORS 20.083 authorizes an award of attorney fees to a prevailing party in an action involving an express or implied contract if the applicable contract has a provision authorizing an award of attorney fees to a party in such an action. The contracts at issue in this case have attorney-fee provisions, and defendants prevailed in the action. Hence, according to defendants, they are entitled to an award of attorney fees under the statute. In response, plaintiff argues that ORS 20.083 applies only when a party prevails by establishing that the applicable contract is void in whole or part or unenforceable. Here, in plaintiff's view, defendants did not prevail on one of those grounds but, rather, by establishing that plaintiff was not the real party in interest. For the reasons that follow, we conclude that ORS 20.083 does apply in this case and, therefore, that defendants, as the prevailing parties, are entitled to an award of attorney fees.

To determine whether ORS 20.083 provides defendants with an entitlement to attorney fees, it is necessary to trace the history of the statutes that have sought to impose reciprocity on the recovery of attorney fees in contract actions, *viz.*, ORS 20.096 and ORS 20.083.[2] ORS 20.096 was enacted in 1971 to provide reciprocal rights to attorney fees for contracts containing one-sided attorney-fee provisions. *Bliss v. Anderson*, 36 Or App 559, 562, 585 P2d 29 (1978), *rev den*, 285 Or 73 (1979). The drafters of the bill that became ORS 20.096 were primarily concerned with contracts between sellers of goods and services and consumers that

---

[2] ORS 20.096 provides, in relevant part:

"In any action or suit in which a claim is made based on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim, whether that party is the party specified in the contract or not, shall be entitled to reasonable attorney fees in addition to costs and disbursements."

ORS 20.083 provides:

"A prevailing party in a civil action relating to an express or implied contract is entitled to an award of attorney fees that is authorized by the terms of the contract or by statute, even though the party prevails by reason of a claim or defense asserting that the contract is in whole or part void or unenforceable."

gave the sellers the unilateral right to recover attorney fees. *Newell v. Weston*, 156 Or App 371, 375, 965 P2d 1039 (1998), *rev den*, 329 Or 318 (1999). Accordingly, the legislature sought through ORS 20.096 to override the tactical advantage enjoyed by parties favored by such one-sided attorney-fee provisions. *Carlson v. Blumenstein*, 293 Or 494, 500 n 3, 651 P2d 710 (1982).

However, there remained some confusion about the scope of the reciprocity provided by ORS 20.096. In *Golden West Insulation v. Stardust Investment Co.*, 47 Or App 493, 615 P2d 1048 (1980), we applied ORS 20.096 to a trial court's award of attorney fees to a defendant who had prevailed in the action by establishing that he was not a party to the contract that the plaintiff had sought to enforce against him. In determining the applicability of the statute, we identified the purpose of ORS 20.096—reciprocity of contractual attorney-fee entitlement—but noted that it was not clear "whether reciprocity would exist only among signatories [to the contract], or among all parties to a dispute based upon breach of the contract." *Golden West*, 47 Or App at 510.

We concluded that the defendant was a prevailing party under ORS 20.096 and, therefore, was correctly awarded attorney fees under the contract because, "[h]ad [the] plaintiff prevailed at trial, it would have been entitled to an award of attorney fees against [the defendant]." *Golden West*, 47 Or App at 512. *Golden West* essentially established a broad principle of reciprocity under ORS 20.096: *viz.*, if a plaintiff brings a claim against a defendant based on a contract that has an attorney-fee provision, and that provision would entitle the plaintiff to recover fees if the plaintiff prevailed, then the defendant against whom the claim was made is entitled to recover fees when the defendant prevails, without regard to the basis on which the defendant prevailed.[3]

However, later cases undermined the broad principle recognized in *Golden West*. A brief discussion of some of those cases provides helpful context for our understanding of ORS 20.083.

---

[3] It should be noted that the *Golden West* principle is concerned with providing reciprocity among parties, not expanding or otherwise altering the claims or disputes subject to the attorney-fee provision in a contract.

In *Bodenhamer v. Patterson*, 278 Or 367, 563 P2d 1212 (1977), the plaintiffs sought to foreclose a land sale contract. In response, the defendants sought to rescind the contract on the ground that it had been induced by fraud. The trial court granted the defendants their requested relief, and the defendants sought an award of attorney fees, as authorized in the land sale contract. The trial court denied that request, and the defendants appealed. The Supreme Court affirmed the trial court's decision, reasoning that the defendants could "not avoid the contract and, at the same time, claim the benefit of the provision for attorney fees." *Id.* at 378.

Similarly, in *Care Medical Equipment, Inc. v. Baldwin*, 331 Or 413, 15 P3d 561 (2000), the plaintiff brought an action against the defendant alleging breach of a noncompetition provision in the defendant's employment contract with the plaintiff. The defendant prevailed by establishing that the noncompetition provision was void, and the trial court awarded him attorney fees as provided in the employment contract. The plaintiff appealed the attorney-fee award, and the Supreme Court affirmed our decision to reverse the award, concluding that, because the noncompetition provision was void and it was the only source of an entitlement to attorney fees under the contract, the trial court had erred in awarding the defendant its fees. *Id.* at 418.

The legislature adopted ORS 20.083 in 2003 to overturn those cases and to reinstate the broad reciprocity principle for attorney-fee awards in contract actions involving contracts containing attorney-fee provisions. As Michael Zusman, representing the proponent of ORS 20.083 before a House subcommittee, stated, "[S]ince [ORS] 20.096 was passed, * * * there have been a number of * * * Oregon Supreme Court or Court of Appeals decisions that have carved out an exception to the full reciprocity rule." Audio Recording, House Committee on Judiciary, SB 41, May 2, 2003, at 1:12:27 (statement of Michael Zusman), http://www.leg.state.or.us/listn/ (accessed Feb 10, 2011). He further explained, "The purpose of [ORS 20.083] is nothing more than to restore full reciprocity for the award of contractual attorney's fees." *Id.* at 1:11:34 (statement of Michael Zusman).

We understand full, or as Zusman also called it, "universal," reciprocity to refer, in this context, to the broad *Golden West* principle of reciprocity. The following colloquy in the House subcommittee confirms our understanding of the meaning of that phrase:

> "[Rep Krummel]: [I]rrespective of what a contract says, if a person makes a claim against another person for a breach of a contract, the prevailing party, whoever the prevailing party is, is going to get their attorney fees as part of the [judgment]?
>
> "[Zusman]: Actually, ORS 20.096 already says that. What has happened is there has been some judge-made law that has carved out an exception to what I will call 'universal reciprocity,' which means whoever wins gets their attorney fees under a prevailing party attorney fees clause in a contract."

Audio Recording, House Committee on Judiciary, SB 41, May 16, 2003, at 1:28:00 (statements of Rep Jerry Krummel and Michael Zusman), http://www.leg.state.or.us/listn/ (accessed Feb 10, 2011). Without resolving whether Zusman's assertion about ORS 20.096 is correct, we believe that ORS 20.083 is intended to prevent a prevailing party from losing an entitlement to attorney fees as a result of the claim or defense on which the party prevailed, including that the contract is in whole or part void or unenforceable.[4]

The text of ORS 20.083 is consistent with our understanding of its legislative history. The statute consists of two clauses. The operative clause of ORS 20.083 provides that "[a] prevailing party in a civil action relating to an express or implied contract is entitled to an award of attorney fees that is authorized by the terms of the contract or by statute." That language conveys a broad entitlement to attorney fees under a contract when ORS 20.083 is applicable, as we discuss more fully below. The broad entitlement is intended to encompass the full reciprocity principle contemplated in the legislative

---

[4] The legislature's 2009 amendment to ORS 20.083, although not applicable to this case, directly confirms our decision in *Golden West*. The amended statute specifies that a "claim or defense asserting that the prevailing party was not a party to the contract" does not prevent the prevailing party from recovering contract-based attorney fees under the statute, which tracks our holding in *Golden West*.

history. It applies to all claims asserted by a party in which the party would be entitled to attorney fees under the terms of the applicable contract or statute were the party to prevail. The clause in ORS 20.083 following the operative clause provides that the operative clause applies "even though the party prevails by reason of a claim or defense asserting that the contract is in whole or part void or unenforceable." That explanatory language seeks to prevent courts from mistakenly undermining the broad principle expressed in the operative clause—similar to what courts had previously done with respect to ORS 20.096—by limiting the circumstances in which ORS 20.083 operates. Therefore, the text of ORS 20.083 reaffirms our understanding of the purpose of the statute.

Next, we must determine whether ORS 20.083 applies in this case. We considered the application of ORS 20.083 in *Dess Properties v. Sheridan Truck & Heavy Equipment*, 220 Or App 336, 185 P3d 1113, *rev den*, 345 Or 301 (2008). After finding in the defendant's favor, the trial court determined that the defendant was not entitled to attorney fees under ORS 20.083 because the draft purchase agreement at issue in the case was never intended to be a binding contract. The defendant contended on appeal that the defense on which it had prevailed—that there was no contract—was legally indistinguishable from the defense that the draft purchase agreement was void, thereby entitling the defendant to its attorney fees under ORS 20.083. The determinative issue was whether the legislature intended ORS 20.083 to apply when a defendant prevails in an action by establishing that *no* contract existed. We held that "the word 'void' in the statute refers to agreements actually entered into that are unenforceable by reason of their failure to comply with some other legal requirement." *Dess Properties*, 220 Or App at 344. Therefore, for ORS 20.083 to apply, the express or implied contract on which the prevailing party's civil action relates must have been one that the parties to the contract had entered.

In this case, neither defendants nor plaintiff challenge the court's determination that an express contract, consisting of the purchase agreement, the promissory notes, and the guaranty, existed between Fernando's and defendants.

Further, each agreement contains an attorney-fee provision that authorizes an award of attorney fees in an action brought to enforce or interpret the agreements. Plaintiff's claim for breach of the agreements by defendants is such an action, and, accordingly, she would have been entitled to recover her fees had she prevailed. Therefore, the conditions required for ORS 20.083 to apply are met here, and defendants are entitled to an award of attorney fees as the prevailing parties regardless of the defense on which they prevailed.

We turn to defendants' second assignment of error, in which they contend that the court erred in denying them an award of costs. As noted above, the trial court relied on ORCP 54 to conclude that defendants were not entitled to an award of costs. The court reasoned that the provision on involuntary dismissals under which the court had dismissed plaintiff's claim, ORCP 54 B, does not say that the party who obtains such a dismissal is considered to be a prevailing party entitled to recover costs, while the provision on voluntary dismissals, ORCP 54 A(3), does.[5] Because of that difference, the court concluded that it lacked authority to award costs to defendants because the dismissal that they had obtained was an involuntary dismissal under ORCP 54 B.

The rule that generally governs the award of costs is ORCP 68. It provides, in relevant part, that,

> "[i]n any action, costs and disbursements shall be allowed to the prevailing party, unless these rules or other rule or statute direct that in the particular case costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party, or unless the court otherwise directs."

ORCP 68 B. A party who obtains an involuntary dismissal of an action under ORCP 54 B is a prevailing party, *see, e.g.*, *Clapper v. Oregon State Police*, 228 Or App 172, 178, 206 P3d 1135 (2009), and ORCP 68 B governs the award of costs and disbursements to such a party. It was not necessary to

---

[5] To be precise, ORCP 54 A(3) provides that "the dismissed party shall be considered the prevailing party" unless the circumstances indicate otherwise. The provision recognizes that voluntary dismissals can occur for a variety of reasons, not all of which would make it appropriate to treat a dismissed party as the prevailing party.

include any discussion of prevailing parties and costs in ORCP 54 B because ORCP 68 B states the general principle regarding those subjects. In contrast, it was thought appropriate to include the language in ORCP 54 A(3) on prevailing parties and costs because voluntary dismissals were thought to require different treatment on those subjects from that which applies to other dispositions. It follows that the court erred in concluding that it lacked authority to award costs and disbursements to defendants as the prevailing parties in the action. It should apply ORCP 68 B on remand to defendants' statement of costs and disbursements.[6]

In summary, we conclude that the trial court erred in denying defendants an award of attorney fees and, subject to the court's discretion, an award of costs and disbursements. Accordingly, we vacate that portion of the court's judgment.

Judgment denying an award of attorney fees and costs vacated and remanded; otherwise affirmed.

---

[6] In addition to other limitations on the award of costs and disbursements to prevailing parties, ORCP 68 B gives courts discretion over such awards. As an alternative argument in support of the court's decision on costs, plaintiff contends that the court exercised that discretion, here, in denying defendants an award of costs. It did not. It denied the award on the ground that it lacked authority to award defendants their costs.