Argued and submitted June 11, affirmed November 7, 2012

A & E SECURITY AND ELECTRONIC
SOLUTIONS, INC.,
an Oregon corporation,
*Plaintiff-Appellant*,

*v.*

FORTALESA, INCORPORATION,
an Oregon corporation,
dba Mercado Abastos,
*Defendant-Respondent.*

Yamhill County Circuit Court
CV080042; A146047

290 P3d 861

Erin C. Walters argued the cause and filed the brief for appellant.

Truman A. Stone argued the cause for respondent. With him on the brief was Brown, Tarlow, Bridges, Palmer & Stone PC.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

## HADLOCK, J.

This case requires us to determine whether ORS 20.083 authorizes a court to award attorney fees to a party that successfully sues for rescission of a contract. That statute provides that, in a contract action in which a statute or the contract authorizes an attorney-fee award, the prevailing party is entitled to an award of attorney fees "even though the party prevails by reason of a claim or defense asserting that the contract is in whole or part void or unenforceable * * *." The trial court concluded that defendant, which prevailed on a counterclaim for rescission, was entitled to an award of attorney fees under the statute. We agree and therefore affirm.

The pertinent facts are not in dispute. Plaintiff entered into a contract with defendant to install a security system at defendant's store. The contract includes a provision authorizing an award of attorney fees in actions arising out of the contract. Plaintiff later brought this action for breach of contract and *quantum meruit*, alleging that it had completed its obligations under the contract and that defendant had failed to pay for the work. In its answer, defendant asserted counterclaims for breach of contract, breach of warranty, and rescission, alleging that the security system was defective and did not meet plaintiff's representations. Both parties requested attorney fees pursuant to the contract.

The case was referred to court-annexed arbitration. Following a hearing, the arbitrator "grant[ed] rescission of the contract." After the arbitrator's decision was filed with the court, defendant sought an award of attorney fees. Plaintiff objected, arguing that, because the contract had been rescinded, there was no contractual basis for awarding fees. The trial court concluded that attorney fees were authorized under ORS 20.083, and it entered a judgment awarding defendant $9,273 in fees. This appeal followed.

In its sole assignment of error, plaintiff again contends that attorney fees cannot be awarded based on ORS 20.083 when the underlying contract was rescinded. According to plaintiff, the statute "only prescribes an award of attorney fees in the instance of void or unenforceable contracts," not rescinded contracts. Plaintiff asserts that

ORS 20.083 expressly conditions entitlement to attorney fees on those fees being authorized by the terms of the contract. In plaintiff's view, the effect of rescission is that there is no underlying contract. More specifically, plaintiff argues that, when a contract is rescinded, the parties are returned "to a place in time as if the contract never existed." Therefore, plaintiff contends, when a contract is rescinded, there are no "terms of the contract" on which to base an attorney-fee award.

Defendant responds that ORS 20.083 was enacted specifically to overrule prior cases holding that attorney fees could not be awarded based on a provision in a contract that had been rescinded. Defendant argues that the statute restored "universal reciprocity" to contractual attorney-fee provisions. Defendant describes "universal reciprocity" as follows: "[I]f a party advances a claim based in contract and alleges entitlement to an award of attorney fees under that contract, the court will award attorney fees to a successful defendant regardless of the status of the contract * * *."

The parties' arguments raise a question of statutory interpretation. To determine the meaning of ORS 20.083, we look to the statute's text in context and to any pertinent legislative history. *State v. Gaines*, 346 Or 160, 172, 206 P3d 1042 (2009). We begin with the text, which provides:

> "A prevailing party in a civil action relating to an express or implied contract is entitled to an award of attorney fees that is authorized by the terms of the contract or by statute, even though the party prevails by reason of a claim or defense asserting that the contract is in whole or part void, a claim or defense asserting that the contract is unenforceable or a claim or defense asserting that the prevailing party was not a party to the contract."

ORS 20.083.

As we explained in *King v. Neverstill Enterprises, LLC*, 240 Or App 727, 734-35, 248 P3d 30 (2011), the statute consists of two clauses—one operative and one explanatory. The first, operative clause "conveys a broad entitlement to attorney fees under a contract when ORS 20.083 is applicable * * *." *Id.* at 734. The explanatory clause, on the other hand, "seeks to prevent courts from mistakenly undermining the broad principle expressed in the operative clause—similar

to what courts had previously done with respect to ORS 20.096—by limiting the circumstances in which ORS 20.083 operates." *Id.* at 735. So understood, the second clause does not limit the circumstances in which the first clause applies, but identifies examples of circumstances in which it applies. That is, the operative clause applies "even" in those circumstances, not "only" in them, as plaintiff argues.

Given that understanding of ORS 20.083, our task is *not* to determine whether a rescinded contract falls within the meaning of a contract that is "void" or "unenforceable" as those terms are used in the explanatory clause of ORS 20.083. Rather, we must determine whether the legislature intended the statute's operative clause to prescribe "an award of attorney fees that is authorized by the terms of [a] contract" even if the contract has been rescinded as a result of the civil action.

The statutory context supports the view that the legislature did intend to authorize contractually prescribed attorney fees to a party who prevails by obtaining rescission of the contract. Statutory context includes related statutes and cases construing them. *Nelson v. Keisling*, 155 Or App 388, 393, 964 P2d 284 (1998), *rev den*, 328 Or 246 (1999). ORS 20.083 was enacted in response to cases construing ORS 20.096, which itself was enacted in 1971 to provide reciprocal rights to attorney fees in actions on contracts containing one-sided attorney-fee provisions. *King*, 240 Or App at 731. In *Golden West Insulation v. Stardust Investment Co.*, 47 Or App 493, 510, 615 P2d 1048 (1980), we held that ORS 20.096 authorized an award of attorney fees to a defendant who prevailed by establishing that he was not a party to the contract that the plaintiff had sought to enforce against him. We reasoned that, had the plaintiff prevailed at trial, it would have been entitled to an award of attorney fees against the defendant and that, by having the case against him dismissed, the defendant had become a prevailing party for purposes of ORS 20.096. *Id.* at 512. As we stated in *King*,

> "*Golden West* essentially established a broad principle of reciprocity under ORS 20.096: *viz.*, if a plaintiff brings a claim against a defendant based on a contract that has an attorney-fee provision, and that provision would entitle the

plaintiff to recover fees if the plaintiff prevailed, then the defendant against whom the claim was made is entitled to recover fees when the defendant prevails, without regard to the basis on which the defendant prevailed."

240 Or App at 732.

Other cases, however, made inroads into that broad reciprocity principle. In *Bodenhamer v. Patterson*, 278 Or 367, 563 P2d 1212 (1977), the plaintiffs brought an action to foreclose a land sale contract that included an attorney-fee provision. The defendants counterclaimed for rescission, alleging that the contract had been induced by fraud. *Id.* at 369-70. The trial court granted rescission but denied the defendants' request for attorney fees. The Supreme Court affirmed the denial of fees, holding that the defendants could not "avoid the contract and, at the same time, claim the benefit of the provision for attorney fees." *Id.* at 378.

The court reached a similar conclusion in *Care Medical Equipment, Inc. v. Baldwin*, 331 Or 413, 15 P3d 561 (2000), in which the defendant prevailed by establishing that a noncompetition agreement in his employment contract was void. The noncompetition agreement was the only source of entitlement to attorney fees in the contract. *Id.* at 418. The Supreme Court held that, once it was determined that the noncompetition agreement was void, "no provision of the parties' contract permitted defendant to claim attorney fees." *Id.* at 419.

As we explained in *King*, the legislature "adopted ORS 20.083 in 2003 to overturn those cases"—including *Bodenhamer*—"and to reinstate the broad reciprocity principle for attorney-fee awards in contract actions involving contracts containing attorney-fee provisions." 240 Or App at 733. Our conclusion in *King* that the legislature adopted the statute to overturn *Bodenhamer* in particular is revealing, given that the result in *Bodenhamer* turned on the fact that the contract had been rescinded.

In short, the historical context in which ORS 20.083 was enacted demonstrates that the legislature intended the statute to apply even when a party prevails in a contract action by obtaining rescission of the contract. That

conclusion is consistent with our statement in *King* that, when a defendant prevails in a contract action in which the plaintiff would have been entitled to fees if it prevailed, "the conditions required for ORS 20.083 to apply are met * * *, and [the defendant is] entitled to an award of attorney fees as the prevailing part[y] regardless of the defense on which [it] prevailed." 240 Or App at 736.

The legislative history of ORS 20.083 closes the door on any doubts that may remain. Before the House Judiciary Committee, Michael Zusman, speaking on behalf of the Oregon State Bar Procedure and Practice Committee (the proponent of the bill), stated the following about Senate Bill 41 (2003), which became ORS 20.083:

> "What's happened is there's been some judge-made law that has carved out an exception to what I would call universal reciprocity, which means whoever wins gets their attorney's fees under prevailing party attorney's-fees clause of the contract.
>
> "There's been a couple of cases out of the Oregon Supreme Court that have specifically said we know [ORS 20.096] is there, but if there has been a *rescission* of the contract, we are not going to let the successful rescinding party get the benefit of the attorney's-fee clause.
>
> "The goal of this legislation is to do nothing more than restore full reciprocity that the legislature originally intended by in the 1970's when it passed [ORS] 20.096."

Audio Recording, House Committee on Judiciary, SB 41, May 16, 2003, at 1:28:25 (statement of Michael Zusman), http: // www.leg.state.or.us / listn / archive / archive.2003s / HJUD-200305161253.ram (accessed Sept 6, 2012) (emphasis added).

Zusman's point was reiterated before the full House by Representative Lane Shetterly, who stated:

> "Here's the situation that this [bill] addresses and is intended to remedy.
>
> "You have in many contracts provisions that say the prevailing party in any action, legal action under the contract is entitled to recover that party's attorney's fees. What has happened in cases around the state is this: Where

one party brings an action under a contract to enforce the contract and the other party defends in the action saying, because of fraud or some other reason, in fact, the contract should be *rescinded* and declared null and void as a defense to this action brought under the contract.

"In cases where the party declared, asserting that the contract should be voided had prevailed, the [Supreme Court] has said that you are not entitled to recover your attorney's fees because the attorney-fee provision was in the contract and, having voided the contract, even though you prevail in the action, you are not entitled to recover your attorney's fees.

"* * * * *

"This bill assures some reciprocity to that provision in the contract. So here's the situation in this bill that would, that would occur with Senate Bill 41. Let's say that a seller under a land-sales contract brings an action for foreclosure against the purchaser. If the seller prevails in that action, the seller would be entitled to recover his or her attorney fees provided that the contract includes an attorney fee provision.

"Let's say, though, that now the purchaser in the contract says, I should not be obligated to pay under the contract because the property was sold to me on the basis of fraud or some actual misrepresentation, some other grounds that would *rescind* the contract. Under this bill, if that party prevails in defense of the contract, that party would still be able to recover his or her attorney fees. That way then, in the contract action, whether the party asserting the contract or the party asserting that the contract is void, whichever one prevails, they will be able to recover their attorney fees."

Audio Recording, House Floor Debate, SB 41, May 29, 2003, at 1:02:00 (statement of Rep Lane Shetterly), http:// www.leg.state.or.us / listn / archive / archive.2003s / HOUSE-200305291027.ram (accessed Sept 6, 2012) (emphasis added). Both Shetterly's and Zusman's statements demonstrate that the legislature understood SB 41 to allow a rescinding party to benefit from an attorney-fee clause in the rescinded contract.

To summarize, the contextual history and the legislative history of ORS 20.083 show that the statute was intended to authorize an attorney-fee award in contract actions in which a party prevails by obtaining rescission of the underlying contract. The trial court did not err in awarding defendant its attorney fees.

Affirmed.